**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

DONNA L. CHESSEN, Trustee of the
1997 K&M Family Trust Dated 12-11-97,

    Plaintiff-Appellant,

v.

CITY OF SAN RAFAEL, a public entity,

    Defendant-Appellee.

</td><td>

No.   22-15615

D.C. No. 3:21-cv-09713-VC

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 8, 2023[**]
San Francisco, California

Before:  McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Donna Chessen, Plaintiff-Appellant, appeals the district court's dismissal

without leave to amend of her takings claim against the City of San Rafael.

Chessen argues that the city has misapplied its Mobilehome Rent Stabilization

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ordinance ("MRSO") to her property, the RV Park of San Rafael, resulting in a *Lucas* or *Penn Central* regulatory taking. We have jurisdiction under 28 U.S.C. § 1291 over the appeal from the district court's final judgment. We review a district court's dismissal for failure to state a claim de novo and a district court's dismissal without leave to amend for abuse of discretion. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We affirm.

Under *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), a regulation can effect a total or categorical taking when a property owner must "leave his property economically idle." *Id.* at 1019. Such a claim can only be brought "when no productive or economically beneficial use of land is permitted." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 626 (9th Cir. 2020) (quoting *Lucas*, 505 U.S. at 1017) (emphasis omitted). Chessen makes no contention that application of the MRSO deprives her of all economically beneficial use of the RV Park. By her own admission, she collects rent from residents and only disputes whether the city can control the amount of that rent. As such, she has not alleged facts under which a *Lucas* taking is plausible.

Under *Penn Central Transportation Company v. City of New York*, 438 U.S. 104 (1978), a court may find that a regulation effects a partial taking, considering: (1) "[t]he economic impact of the regulation on the claimant"; (2) "the extent to

which the regulation has interfered with distinct investment-backed expectations";
and (3) "the character of the governmental action." *Lingle v. Chevron U.S.A. Inc.*,
544 U.S. 528, 538–39 (2005) (quoting *Penn Central*, 438 U.S. at 124).

We have concluded that when a property owner purchases a property subject
to an MRSO, they fail to state a *Penn Central* claim under the second factor. *See*
*Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120–21 (9th Cir. 2010) (en banc)
(reasoning that when a rent control ordinance is in place and a matter of public
record before a property is purchased, the sale price incorporates the burden of the
rent control); *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1122
(9th Cir. 2013) (upholding San Rafael's MRSO and finding that the ordinance does
not violate the public use requirement or constitute a regulatory taking). Here, not
only had the MRSO been applied to the RV Park for over fifteen years when
Chessen purchased the property, there was a final judgment from a state court
concluding that the property was subject to the ordinance. It would be
unreasonable to conclude that the sale price of the property under such
circumstances did not reflect the burden of the MRSO. Because this court has
found on numerous occasions that MRSOs do not constitute a *Penn Cental* taking
when the property was purchased already subject to the ordinance, Chessen's claim
fails under the investment-backed expectations prong.

To the extent that Chessen proceeds under the theory that any misapplication of state law resulting in an economic loss constitutes a federal regulatory takings claim, we reject her argument. As we have recognized, federal courts were not created to "sit as super zoning boards or zoning boards of appeals." *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1230 (9th Cir. 1998) (cleaned up). Under Chessen's theory, "[v]irtually every alleged legal or procedural error of a local planning authority or zoning board of appeal could be brought to a federal court on the theory that the erroneous application of state law amounted a taking of property without due process." *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 831 (1st Cir. 1982). The district court correctly observed that the alleged misapplication of state law is a question of statutory interpretation best answered by a state court.

We also find the district court did not abuse its discretion in denying Chessen leave to amend her complaint a second time. "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotations and citation omitted). Where, as here, "[t]he district court could reasonably conclude that further amendment would be futile" because the first amended complaint failed to correct pleading deficiencies,

it is within the district court's discretion to dismiss without leave to amend. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Chessen would be unable to plead additional facts that would successfully allege the two takings claims she asserts: a *Lucas* taking or a *Penn Central* taking. Her remaining, supplemental state law claim seeking a declaration that the MRSO does not apply to the RV Park is best addressed in state court.[1] After permitting Chessen one chance to amend already, the district court did not abuse its discretion in denying a second opportunity when Chessen would be unable to allege facts to state a takings claim.

**AFFIRMED.**

---

[1] Indeed, there is a parallel state court proceeding filed by the city seeking a declaration that the MRSO applies to the RV Park underway. That proceeding was stayed until the district court dismissed Chessen's complaint with prejudice. After commencing, the state court granted the city's motion for a preliminary injunction to enjoin Chessen from collecting rent in excess of that allowed under the MRSO. Chessen asks this court to take judicial notice of the state court's grant of the city's preliminary injunction, and we do so. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).